**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FAROBAG COOPER, | ) | |
| on behalf of plaintiff and a class, | ) | 11-cv-6625 |
| | ) | |
| Plaintiff, | ) | Judge Shadur |
| | ) | |
| vs. | ) | Magistrate Judge Cole |
| | ) | |
| NATIONWIDE CREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

*AND*

| | | |
|---|---|---|
| SUSAN FOX, | ) | |
| on behalf of herself and a class, | ) | |
| Plaintiff, | ) | 09-cv-7111 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | |
| NATIONWIDE CREDIT, INC. | ) | Magistrate Judge Mason |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR REASSIGNMENT UNDER LOCAL RULE 40.4**

Farobag Cooper, plaintiff in Case No. 1:11 CV 6625 (N.D.Ill.), respectfully requests that

his matter be transferred to the calendar of Judge Darrah, pursuant to Local Rule 40.4, based on

its relatedness with the matter entitled *Fox v. Nationwide Credit, Inc.*, Case No. 1:09 CV 7111

(N.D.Ill.).

In support of this motion, plaintiff states as follows:

1.      Local Rule 40.4(a) provides as follows:

**Two or more civil cases may be related if one or more of the following conditions
are met:**

1

> (1)     the cases involve the same property;
>
> (2)     the cases involve some of the same issues of fact or law;
>
> (3)     the cases grow out of the same transaction or occurrence; or
>
> (4)     in class action suits, one or more of the classes involved in the cases is
>          or are the same.

2.      The *Fox* and *Cooper* cases involve the same issues of fact or law, in that the consumers' claims in each case concern the warning and identification requirements of the Fair Debt Collection Practices Act ("FDCPA") by the same defendant.  A review of the claims made by Fox (per her complaint, attached as <u>Exhibit 1</u>), and by Cooper (per his complaint, attached as <u>Exhibit 2</u>), shows that the two cases are virtually identical.  The complained-of conduct in the *Cooper* case is essentially a continuation of the conduct in the *Fox* matter.

3.      Discovery in both cases will likely overlap to a significant degree.  Defendant's policies and practices regarding compliance with the FDCPA will likely be uniform between the two classes.

4.      Further, the factors which the Court will consider pursuant to 15 U.S.C. § 1692k when determining the amount of Defendant's liability to both the *Fox* and *Cooper* classes, such as the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, will necessarily overlap to a large degree.

5.      Currently, *Fox v. Nationwide Credit, Inc.* is stayed in this Court pending Defendant's appeal of this Court's denial of its motion to compel arbitration.  Therefore, no formal discovery has been taken and *Fox* case has not yet proceeded to the point where designating the *Cooper* case as related would delay the proceedings unnecessarily.

2

6.      Therefore, Local Rule 40.4(a) is satisfied.

7.      Local Rule 40.4(b) further provides as follows:

**A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:**

> **(1)    both cases are pending in this Court;**

> **(2)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;**

> **(3)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and**

> **(4)    the cases are susceptible of disposition in a single proceeding.**

8.      All of the requirements of Local Rule 40.4(b) are met. Both cases are pending in this Court. As the cases deal with the same claims, facts and law, the handling of these claims by one judge (as opposed to two) would necessarily cause a significant savings of time and resources expended by this Court. This would lead to a disposition of the claims in a single, unified proceeding, and avoid the possibility of conflicting results.

9.      Local Rule 40.4(c) provides that

**a motion for reassignment based on relatedness may be filed by any party to a case. The motion shall—**

> **(1)    set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a), and**

> **(2)    indicate the extent to which the conditions required by section (b) will be set if the cases are found to be related.**

**A copy of the complaint or other relevant pleading in each of the higher-numbered cases that are the subject of the motion shall be attached to the motion.**

3

**The motion shall be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. Where all of the cases claimed to be related are assigned to magistrate judges on consent, then the motion shall be filed with the magistrate judge before whom the lowest-numbered case is pending. Where one or more of the cases claimed to be related is assigned to a magistrate judge on consent and one or more of the remaining cases is assigned to a district judge, the motion shall be filed with the district judge having the lowest-numbered case.**

**In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.**

10.     This motion is timely under the rule, is brought before the appropriate judge, and sets forth the required information.  The complaints of the consumers in each case are attached as Exhibits 1-2, as described above.

11.     A copy of this motion is being served upon the Defendant.  A copy by courtesy will also be provided to Judge Shadur, who is the Judge assigned to the *Cooper* case, so that he may be properly advised.

WHEREFORE, Farobag Cooper, plaintiff in Case No. 1:11 CV 6625 (N.D.Ill.), respectfully requests that his matter be transferred to the calendar of Judge Darrah, pursuant to Local Rule 40.4, based on its relatedness with the matter entitled *Fox v. Nationwide Credit, Inc.*, Case No. 1:09 CV 7111 (N.D.Ill.).

.

Respectfully submitted,

s/ Zachary A. Jacobs
Zachary A. Jacobs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS,
LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

   I, Zachary A. Jacobs, hereby certify that on September 27, 2011, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, which sent automatic notification to the following:

Christopher D. Catalano (ccatalano@omm.com)

John A. Goudge (jagoudge@greeneandletts.com)

Laura Mary de Jaager (ldejaager@omm.com)

                 s/ Zachary A. Jacobs
                 Zachary A. Jacobs

6